UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-98 JVS(JDEx) | Date | April 13, 2021 |
| Title | Illann Power v. Freya Catherine Drohan | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] <u>Second Order to Show Cause Regarding Subject Matter Jurisdiction</u>**

  The Court has reviewed the filing by Plaintiff Illann Power ("Power") in response to this Court's previous order to show cause regarding subject matter jurisdiction. ECF No. 25. The Court also notes that Power has filed a notice with the Court changing his address on record with the Court. ECF No. 26.

  Power must file with the Court further evidence to show that he is domiciled in California. The requirements for showing citizenship are as follows. To determine which state an individual is a citizen of for purposes of diversity jurisdiction, the Court must examine in which state the individual is "domiciled." <u>Lew v. Moss</u>, 797 F.2d 747, 750 (9th Cir. 1986). "[D]omicile for purposes of diversity is determined as of the time the lawsuit is filed." <u>Id.</u> "[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely.'" <u>Id.</u> at 749-50 (quoting <u>Owens v. Huntling</u>, 115 F.2d 160, 162 (9th Cir. 1940)). "The courts have held that the determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." <u>Id.</u> at 750.

  In his filing, Power provides the Court with several documents attached to his unsworn statement. Those documents are 1) a California driver's license issued in 2017 with a Santa Monica, CA address redacted; 2) three October 2020 Internal Revenue Service notices addressed to Power at a West Hollywood, CA P.O. Box regarding relief

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-98 JVS(JDEx) | Date | April 14, 2021 |
| Title | Illann Power v. Freya Catherine Drohan | | |

from double taxation; and 3) a January 2019 marriage certificate for Power and Defendant Freya Catherine Drohan ("Drohan") that lists Power as having a Los Angeles address. ECF No. 25 at 6-12, 17. Power has also changed his address with the Court from a post office in Newport Beach, CA to the address of the Secretary of State's office in Sacramento, CA. See ECF No. 26.

Power has failed to show domicile. Courts have held that P.O Boxes "certainly do not indicate [a plaintiff's] domicile for purposes of diversity jurisdiction." Stassens v. Stassens, 2019 WL 1651312, at *2 (D. Haw. April. 17, 2019). Moreover, as the Court has previously noted, the Court's doubt about Power's citizenship stems from his use of a New York address when suing Drohan in 2020. ECF No. 24; see also ECF No. 25 at 14 (September 2020 court filing listing Power's address as 217 West 18th Street, New York, NY 10011). The use of a New York address in 2020 is important because domicile is determined as of the time this lawsuit was field, i.e., 2021. Lew, 797 F.2d at 750. The only document that Power has submitted after September 2020 are the tax documents which list a P.O. box as his address. As such, Power has failed to submit documents that relate to most of the factors from Lew. Power's driver's license alone is insufficient to show domicile, particular because it 1) is attached to a response that is not sworn under penalty of perjury; 2) obscures Power's address in Santa Monica; and 3) predates the New York lawsuit by three years.

As Power is proceeding pro per, the Court will give Power a second chance at showing California citizenship. The Court understands that Power is concerned that disclosure of his address would endanger his safety. ECF No. 25, ¶ 9. The Court appreciates his concern, but the Court will not accept evidence on a key substantive issue, jurisdiction, without divulging that evidence to Drohan.[1] However, he may file such evidence under seal. Power must submit evidence that satisfies the standard from Lew and that is attached to a sworn declaration made under penalty of perjury that the documents are true.

The Court therefore **ORDERS** Power to provide the Court with evidence that he is a citizen of California and not New York. Failure to do so in 14 days will result in this Court dismissing this case for lack of subject matter jurisdiction pursuant to Federal

---

[1] He may be entitled to a domestic restraining order, relief available in state court, but not this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 21-98 JVS(JDEx)                    Date  April 14, 2021

Title  Illann Power v. Freya Catherine Drohan

Rules of Civil Procedure 12(b)(1) and 12(h)(3).

**IT IS SO ORDERED.**

                                                                            :      0
                                        Initials of Preparer    lmb